**FIDELITY & CASUALTY CO v EASTON et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11366. Decided April 20, 1931

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist), sitting.

Bishop & Bishop, Cleveland, for Fidelity & Casualty Co.

W. R. Walsh, Cleveland, for Easton et.

MONTGOMERY, J.

Presumably a copy of this bond was attached to the petition by. virtue of §11333 GC, which is as follows:

"When the action, counter-claim or set-off is founded on an account or on a written instrument as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading. If not so attached and filed, the reason for the omission must be stated in the pleading."

This bond is not such an instrument that "a copy thereof must be attached and filed with the pleading."

Sec 11305 GC provides what a petition must contain and the first subdivision of that section defines it to be "a statement of facts constituting a cause of action in ordinary and concise language." The petition in this case was, in our judgment, stated in "ordinary and concise language," and was sufficient of itself, without the incorporation as a part thereof of the bond, to apprise the defendants of what was demanded and to authorize the court in proceeding with the trial on that cause of action. The attaching of the copy of the bond to the petition was in no way prejudicial to the defendants below, and in our judgment the Municipal Court did not commit reversible error in overruling the motion to strike from the petition the reference to the copy of this bond.

It was the claim of plaintiffs below, the defendants in error, that this bond was given under the provisions of §12275 GC, and in this court they rely upon that section.

In view of that reliance we deem it unnecessary to discuss the other questions argued at length by plaintiff in error as to the non-applicability of other sections of the code and of the common law. §12275 GC is as follows:

"The court to which such mandate is sent shall proceed as if such judgment or final order had been rendered therein. On motion and good cause shown, it may suspend an execution made returnable before it by order of the Common Pleas Court, the Court of Appeals or the Supreme Court, as if the execution had been issued from its own court. Such suspension shall extend only to stay proceedings until the matter can be further heard by the Common Pleas Court, Court of Appeals or Supreme Court as the case may be."

It was obviously the intention of defendants below and they did all within their power to stay proceedings until the matter could be heard by the Supreme Court of Ohio. The matter was heard by the Supreme Court of Ohio and the proceedings were stayed until that hearing. The defendants below obtained every advantage possible for them during the pendency of the matter in the Supreme Court. What they sought to obtain was obtained. Proceedings were stayed and no attempt was made to collect during the pendency of the proceedings in the Supreme Court. The plaintiffs below relied upon this supersedas bond which had been given and given for the purposes therein stated.

Sec 2, Art. 4 of the Constitution of Ohio provides in part as follows:

"In cases of public or great general interest, the Supreme Court may, within such limitation of time as may be prescribed by law, direct any Court of Appeals to certify its record to the Supreme Court and may review and affirm, modify or reverse the judgment of the Court of Appeals."

The Supreme Court of Ohio in the case of **Harter v Marsh, 118 Oh St 145,** commenting upon a situation similar to this says:

"Manifestly it would be a vain thing to require a petition in error to be filed until it was first determined by this court whether or not the motion to certify should be allowed."

It will be observed that plaintiff in error in its answer admitted the filing of the bond "for stay of execution pending the hearing of said case in the Supreme Court of Ohio." It will be observed further that it agreed

to the stipulation that the bond was given for a stay of execution "pending the hearing by the Supreme Court of Ohio on a motion to certify the records in said case." It will be observed further that plaintiff in error signed the bond which recited that "The Mutual Construction Company has instituted proceedings in error in the Supreme Court of Ohio to reverse a judgment rendered, etc." This recital in the bond is certainly to be construed against the plaintiff in error which signed the bond. It is an admission on its part of the fact that proceedings had been instituted in the Supreme Court.

Taking this recital together with the admission in the answer and the stipulation of facts, the plaintiff in error is certainly bound by this bond and in view thereof the judgment of the Municipal Court was right.

It is the judgment of this court therefore that the judgment of the Municipal Court of the City of Cleveland be and the same is hereby affirmed and this cause is remanded to that court for execution. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.